THOMAS DOYLE *v.* WILLIAM DANIELS.

JOHN KERR *v.* BERNARD RICE and another.

The decision made by this court, in the case of *Farley* v. *Flanagan*, (1 E. D. Smith, 313,) where it was held, "That the notice of ten days, mentioned in § 399 of the Code, is not required to admit an assignor of a thing in action to be examined as a witness in behalf of any person deriving title through or

Doyle *v.* Daniels.

from him, unless the action is against an assignee, or an executor or administrator," re-affirmed upon a state of facts distinctly presenting that question.

It is no objection to the examination of an assignor of a claim, that the assignment was executed and delivered for the purpose of making him a witness—that fact goes to his credit only.

Whether the provision of § 399 of the Code, requiring the notice, applies at all to the Marine or Justices' Courts? *Dub.* (*a*)

THESE were both appeals from the Marine Court. In the first case, which was tried before Justice McCARTHY, the plaintiff recovered judgment upon a claim, assigned to him by two persons, for certain money collected for their use by the defendant. The plaintiff's case, after proof of the assignment, was established solely by the testimony of the assignors, given subject to the objection that no previous notice of their intended examination had been served.

*David P. Whedon*, for the defendant (appellant).

*Daniel W. Clarke*, for the plaintiff (respondent).

The opinion in the first case was as follows:

BY THE COURT. INGRAHAM, FIRST J.—We are all agreed that the 399th section of the Code does not require a notice of the intended examination of the assignor to be served, except when he is to be examined against the assignee, or an executor or administrator. In all other cases, no notice of such an examination is necessary. Although it may be desirable that such notice should be given in all cases where the plaintiff's case rests solely on the testimony of the assignor, the remedy is with the legislature and not with the courts.

There is nothing in the testimony to justify the conclusion that the note was prosecuted for the immediate benefit of the assignors. On the contrary, the evidence of the assign-

(*a*) See note (*a*), 1 E. D. Smith, 313.

ors shows that they had parted with their interest in the note. The provision excluding them from testifying, if they assigned the note for the purpose of making themselves witnesses, is no longer the law, having been omitted in the Code as amended in 1851.

Upon the merits, the decision of the justice cannot be disturbed. He decided for the plaintiff, on the testimony of the two assignors, against the testimony of the defendant alone, giving greatest weight to the largest number of witnesses.

Judgment affirmed.

THE second case, although brought up on appeal at a later term, was tried below before Justice LYNCH, who nonsuited the plaintiff. The claim was for goods sold to the plaintiff's assignor. The latter was the only witness offered, and was excluded on the express ground that no notice of his intended examination had been given.

*Benjamin M. Stilwell* and *S. E. Swain,* for the plaintiff (appellant).

*Chauncey Shaffer,* for the defendants (respondents).

BY THE COURT. INGRAHAM, FIRST J.—The court below erred in excluding the assignor as a witness. We have repeatedly held that notice of examining the assignor, as a witness, was not necessary to be given, except when he was to be examined against an assignee, executor, or administrator.

There is some difficulty in holding that provision of the Code as applicable at all to a justice's court. The court has not the power, without the consent of the parties, to adjourn the case for a sufficient time to give the notice, and, consequently, if the notice is requisite, a party must dispense with the testimony of the assignor, where the parties do not consent to the adjournment. It cannot be intended that such a distinction should exist between the courts as to a mode of proving the plaintiff's case.

It is enough, however, for this case, to say, that we are clear that no notice is necessary in any court, except in the particular cases specified in the Code, as above mentioned.

As this case does not come within the exception, the ruling below was erroneous.

Judgment reversed.